UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert L. Brown, Jr.,<br>Plaintiff,<br><br>v.<br><br>Truluck Construction, Inc.,<br>Defendant. | CASE NO.: 2:24-cv-1688-RMG-KFM<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq*.

2. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

3. The Defendant is a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. The Plaintiff is entitled to the protections of the Family and Medical Leave Act (FMLA) on account of his own serious health condition, as well as his need for and use of medical leave protected by the act.

5. The Plaintiff, Robert L. Brown, Jr., upon information and belief is a citizen and resident of Charleston County, South Carolina.

6. The Defendant, Truluck Construction, Inc., upon information and belief is a domestic corporation organized and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant is a "person" within the meaning of the Family and Medical Leave Act ("FMLA").

9. The Defendant is an industry that affects commerce within the meaning of the FMLA.

10. The Defendant employs fifty (50) or more employees and are an "employer" within the meaning of the FMLA.

11. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. In or around October 2017, the Plaintiff began work for the Defendant as a Heavy Equipment Operator. The Plaintiff was efficient and effective in his work.

13. During the course of his employment, Mr. Brown injured his hand at home and required treatment, a serious medical condition as defined by the FMLA.

14. The Plaintiff informed the Defendant of his need to take leave and requested FMLA for a period of one month, to begin on or around March 1, 2023.

15. The Plaintiff had taken the requested and approved FMLA on or about March 1, 2023 until approximately March 20, 2023.

16. Upon returning to work, Plaintiff told Defendant that he was scheduled for a hip replacement surgery in the near future.

17. The Plaintiff returned to work on or about March 20, 2023, and worked for seven (7) days straight assisting in the laying of new asphalt.

18. On or about March 27, 2023, Plaintiff's supervisor, Rollins, walked up to the Plaintiff and told him that he doesn't know what he is doing, and he needs to go home.

19. On or about April 2, 2023, Plaintiff was called and told to return to work. Plaintiff went to the job site and began to set up for work. The owner, Charles Truluck, came up to Plaintiff and told him that they did not need him anymore. When Plaintiff asked why, Mr. Truluck stated that "they had to fix 30-40 feet of asphalt after him."

20. Other similarly situated employees did similar or worse things but were not reprimanded or terminated.

21. The reason given for the Defendant's termination of Plaintiff was pretextual in nature and was in reality, retaliation for taking leave under the FMLA, and interference with future FMLA leave.

22. On or about April 2, 2023, the Plaintiff was wrongfully terminated due to retaliation for his usage and need for FMLA.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act

23. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

24. The Plaintiff is informed and believes that he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.) and Defendant's discipline against Plaintiff and discharge of his employment as a result of his having taken such leave is a violation of his rights under said statute.

25. The Defendant is a qualified "employer" subject to the said Family and Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a federal statute.

26. The Defendant's discipline against Plaintiff and discharge of Plaintiff following him taking leave for his medical condition and request for medical leave constituted a violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

27. Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

28. Accordingly, Plaintiff is informed and believes that he is entitled to compensatory damages in the nature of the value of his lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, punitive damages and his reasonable attorney's fees and costs for the bringing of this action.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney's fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement of the Plaintiff to his employment position;

6. An award of Plaintiff's attorney's fees, including litigation expenses, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

                                **WIGGER LAW FIRM, INC.**

                                *s/Matthew O. King*
                                Matthew O. King (Fed. I.D. #13793)
                                Attorney for Plaintiff
                                8086 Rivers Avenue, Suite A
                                N. Charleston, SC 29406
                                843-553-9800

N. Charleston, South Carolina
April 4, 2024